UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEIDRICK L CAPERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1006 |
| | § | |
| P. LINDSAY | § | |
| and | § | |
| ED GONZALEZ | § | |
| and | § | |
| HARRIS COUNTY JAIL, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF PARTIAL DISMISSAL**

Former Harris County jail inmate Deidrick L. Capers filed a civil rights lawsuit. He has been granted leave to proceed *in forma pauperis*. His lawsuit names as defendants Harris County jail employee P. Lindsay, Harris County Sheriff Ed Gonzalez, and the Harris County jail.

When a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e) requires a federal district court to dismiss a case if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. For the following reasons, Capers' claims against the Harris County jail must be dismissed.

The capacity of an entity to be sued is "determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). A county or city department must have a separate legal existence to be sued. *See Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir.1991). Under Texas law, sheriffs' departments cannot be sued. *See Propes v. Plano Police Dept.,* 2005 WL 1177880 (E.D.Tex. May 18, 2005). A county jail is a division of the county Sheriff's department. Therefore, the jail is not a jural entity capable of being sued.

Accordingly, it is ORDERED that the Harris County jail is DISMISSED as a defendant in this case pursuant to 28 U.S.C. § 1915(e). The Court will conduct further proceedings with regard to Capers' claims against the other defendants.

It is so ORDERED.

SIGNED on this 13th day of January, 2020.

_____
Kenneth M. Hoyt
United States District Judge