United States District Court
Southern District of Texas
**ENTERED**
March 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEIDRICK L CAPERS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-1006 |
| § | |
| P. LINDSAY § | |
| and § | |
| ED GONZALEZ § | |
| and § | |
| HARRIS COUNTY JAIL, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Deidrick L. Capers, a former inmate in the Harris County jail, filed suit under 42 U.S.C. § 1983 alleging that defendant P. Lindsay, a jail officer, used excessive force against him. Capers also named Harris County Sheriff Ed Gonzalez as a defendant.

Gonzalez moved to dismiss, and Lindsay and Gonzalez jointly moved for summary judgment. Capers did not respond to either motion. Based on the pleadings, the motions, the record, and the applicable law, the defendants' motions are granted, and this case is dismissed with prejudice.

**I.     Background**

At all times relevant to this case, plaintiff was a pre-trial detainee in the Harris County jail, defendant Lindsay was employed there, and defendant Gonzalez was the Harris County Sheriff. Capers alleges that, on February 18, 2019, at around 10:00 p.m., Capers punched him in the chest and wrote him up for unauthorized contact with jail staff. Capers was treated with ibuprofen. Motion for Summary Judgment, Exh. 5. Capers sues Lindsay for using excessive force, and Gonzalez for allowing the alleged use of excessive force.

## II. Standards of Review

### A. Motion to Dismiss

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### B. Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated

> assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

### III. Analysis

#### A. Sheriff Gonzalez

The only allegation in the complaint regarding Sheriff Gonzalez is that he "allowed" his subordinate to assault Capers. Capers does not allege that Gonzalez was present when the alleged assault occurred, that there is a departmental policy allowing the use of excessive force, or that there is a pattern or practice of such assaults. His complaint against Gonzalez is therefore based entirely on the fact that defendant Lindsay was Gonzalez' subordinate.

It is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). To prevail on his claim against Gonzalez, Capers must demonstrate that Gonzalez was personally involved in the alleged constitutional violation, or that he committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Capers alleges no such personal involvement or wrongful acts by Gonzalez. He therefore fails to state a claim against Gonzalez.

#### B. Defendant Lindsay

The Fifth Circuit has identified several factors to consider in evaluating a claim that a corrections officer used excessive force:

> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.

*Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

Lindsay submits evidence showing that, at the time in question, he was inspecting Capers' cellblock for contraband. He found a deck of cards under Capers' mattress and reached to remove it. Capers tried to take the cards from Lindsay and made contact with Lindsay's right shoulder. Lindsay ordered Capers to step back. *See* Inmate Offense Report, Motion for Summary Judgment, Exh. 6. Lindsay argues that Capers placed himself between Lindsay and the cellblock exit, and notes that Capers alleges only that Lindsay punched him once in the chest. Capers was seen by medical personnel, treated with ibuprofen, and released. *Id.*, Exh. 5.

The evidence establishes that Capers placed Lindsay in a position that Lindsay reasonably perceived as posing a threat to his safety. Lindsay attempted to resolve the situation by ordering Capers to step back, and used some force to remove himself from the dangerous situation. The force used was minimal and proportionately related to the need for force, and any resulting injury was *de minimis*. Under the *Hudson* criteria noted above, the evidence shows that Lindsay's use of force was not excessive and did not violate Capers' constitutional rights. Capers has not submitted any evidence in response. Therefore, Lindsay is entitled to summary judgment.

**IV**     **Conclusion**

Capers fails to allege any personal involvement or wrongdoing by defendant Gonzalez. The evidence makes clear that Lindsay's use of force was a good faith effort to defuse a dangerous situation, that force was used only after Capers disobeyed a verbal order and in response to a reasonably perceived physical threat to Lindsay's safety. For these reasons, defendant Gonzales' motion to dismiss (Doc # 18) and the defendants' motion for summary judgment (Doc. # 30) are GRANTED. The Complaint (Doc. # 1) is dismissed with prejudice.

It is so ORDERED.

SIGNED on this 11th day of March, 2021.

Kenneth M. Hoyt
United States District Judge